UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL J. WOISH,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>    Defendant. | CASE NO.  **C08-5492BHS**<br><br>REPORT AND RECOMMENDATION<br><br>Noted for January 30, 2009 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter for further consideration.

INTRODUCTION

Plaintiff, Michael Woish, was born in 1969. Mr. Woish entered the military on September 15, 1987 when he was 18 years old and remained in the military until February 6, 1995, when he was 26 years old. Mr. Woish testified that he was discharged from the military after threatening to shoot his commanding officer when he was denied emergency leave to be with his wife who was having a nervous breakdown. This led to him being stripped of his rank and discharged. (Tr. 190, 182).

After he was discharged from the military, Mr. Woish had several jobs. Mr. Woish alleged

disability beginning May 2, 2002, the date that he last worked as a security guard at Fred Meyer (Tr. 53, 93). He reported he was disabled due to arthritis of both knees and depression (Tr. 93). These problems prevented him from working because "standing long periods is hard, getting out of bed and motivate[ing] due to depression is hard. My rage is not always controlled." (Tr. 94).

Plaintiff filed an application for Title II disability insurance benefits on June 11, 2004 (Tr. 53-56, 109). Plaintiff's application was denied upon initial and reconsidered determinations (Tr. 40-41, 44-46), and he requested a hearing (Tr. 38). An administrative hearing was held on November 6, 2006 (Tr. 362-401); (Tr. 362, 364, 366-92). Subsequently, an Administrative Law Judge (ALJ) issued a decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act because he could perform work that exists in significant numbers in the national economy (Tr. 10-21). Specifically, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2004 (Tr. 15).

2. The claimant has not engaged in substantial gainful activity since May 2, 2002, the alleged onset date (Tr. 15).

3. The claimant has the following severe impairments: major depression, a personality disorder, and a bilateral knee pain syndrome secondary to arthritis (Tr. 15).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments (Tr. 16).

5. The claimant has the residual functional capacity to perform sedentary to light work. He can lift and carry up to 20 pounds occasionally and 10 pounds frequently, sit for 6 hours, and stand and walk for 20-30 minutes at a time throughout an 8-hour workday. A limited range of knee motion limits the claimant to only occasional climbing on stairs, ladders and walking on rough ground, as well as squatting, kneeling, crouching and crawling. Due to temper flares, he is limited to low contact with the public and coworkers. Concentration lapses limit the claimant to simple, structured tasks (Tr. 16).

6. The claimant is unable to perform any past relevant work (Tr. 19).

7. The claimant was a younger individual age 18-44 on the alleged disability onset date (Tr. 20).

8. The claimant has at least a high school education and is able to communicate in English (Tr. 20).

9. Transferability is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (Tr. 20).

| | |
|---|---|
| 1 | 10. Considering the claimant's age, education, work experience, and residual functional capacity there are jobs that exist in significant numbers in the national economy that the claimant can perform: specifically; light electric assembly bench work, sedentary microfilm document processor, and light and sedentary inspector-hand packager (Tr. 20). |

The Appeals Council denied Plaintiff's request for review on June 9, 2008 (Tr. 4-7), thereby making the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 404.981 (2008).

Plaintiff now seeks additional judicial review of the administrative decision denying him social security benefits. Plaintiff specifically argues: (1)the ALJ improperly determined Plaintiff's residual functional capacity; and (2) the ALJ erred when he did not discuss the opinions and treatment notes of Casey Wenger, M.S.W. Defendant counter-argues that the ALJ applied the proper legal standards and that the administrative findings and conclusions are properly supported by substantial evidence in the record.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

***THE ALJ FAILED TO POSE A HYPOTHETICAL TO THE VOCATIONAL EXPERT THAT COULD BE RELIED UPON TO SUPPORT FINDING PLAINTIFF RETAINED THE ABILITY TO PERFORM CERTAIN JOBS WITHIN THE NATIONAL ECONOMY***

"[R]esidual functional capacity" is "the maximum degree to which the individual retains the capacity for sustained performance of the physical- mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c) (emphasis added). In evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis." 20 C.F.R. § 404.1512(a). The regulations further specify: "When we assess your physical abilities, we first assess

the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis." Id. at § 404.1545(b). If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. 20 CFR § § 404.1527, 416.927.

At step-five of the administrative process the burden of proof shifts to the Commissioner to produce evidence of other jobs existing in significant numbers in the national economy that Plaintiff could perform in light of her age, education, work experience, and residual functional capacity. *See* Tackett v. Apfel,180 F.3d 1094,1099 (9th Cir. 1999); Roberts v. Shalala, 66 F.3d 179, 184 (9th Civ. 1995). In Tackett, the court noted "there are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, subpt. P, app. 2." Id. A vocational hypothetical must set forth all the reliable limitations and restrictions of the particular claimant that are supported by substantial evidence. See Osenbrock, 240 F.3d at 1162-63; Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). Although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record. Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)(*citing* Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)).

Here, the ALJ concluded Plaintiff retained the ability to perform sedentary to light work (Tr. 16). The ALJ found Plaintiff could "lift and carry up to 20 pounds occasionally and 10 pounds frequently, sit for 6 hours, and **stand and walk for 20-30 minutes at a time throughout an 8-hour workday**" (Tr. 19, emphasis added). Plaintiff argues the ALJ's RFC finding regarding Plaintiff's ability to stand and walk is flawed and does not address Dr. Nuccio's finding that Mr. Woish is limited to sedentary work (Tr. 187). After reviewing the record and argument, the undersigned agrees.

The ALJ's RFC regarding Plaintiff's ability to stand and walk during an eight-hour work day and consequential hypothetical posed to the vocational expert is vague and needs clarification. At the hearing the ALJ posed the following hypothetical reflecting his RFC finding to the vocational expert:

> Okay. Okay, let's assume we have a younger individual, high school and a couple of AA degrees, but no BA degree. The past work is as described, and **the biggest problem seems to be the knees**, and then, the depression, and I don't know which is which in terms of severity – more severity, but both, certainly, are limiting. Exertionally, the DDS went

REPORT AND RECOMMENDATION
Page - 4

> with medium. Somebody in here said, sedentary. So, we're going to kind of average it
> with light. But I think the problem, really, is limited walking and standing. The rest of
> light is okay in terms of sitting, and lifting, and carrying, and that sort of thing; but
> **walking and standing, I'd say, 20, 30 minutes, max**.

(Tr. 394)(emphasis added). The VE understood the ALJ, commenting, "We're basically looking at **jobs where you can sit most of the time**" (Tr. 395), and identified the following jobs the such a person could perform: electrical accessories assembler and microfilm document preparer (Tr. 395-6).

The problem with the ALJ's RFC and the VE's comments/testimony is the lack of detail or support for the finding that Plaintiff is actually able to perform the jobs identified. For instance, the record, and particularly the RFC and the hypothetical posed to the VE, does not include any information about how long Plaintiff is able to stand and walk during the work day or any specific information regarding the number of hours in a work day that a person would have to stand and walk when performing the job of a electrical accessory assembler or microfilm document preparer. Without clarification, the conclusion that Plaintiff is able to perform these jobs is not supported by substantial evidence relied on by the ALJ in his decision.

On July 28, 2003. Dr. Nuccio diagnosed, "right knee retropatellar pain syndrome with arthritis and left knee retropatellar pain syndrome with lateral ligamentous laxity. He found the condition was permanent and that although they were not disabling, Mr. Woish was limited to sedentary work (Tr. 187). Sedentary, as defined by the social security regulations, requires standing and walking no more than two hours per day. SSR 83-10. The court could assume the ALJ, when he found Plaintiff could perform sedentary and light work, found plaintiff able to stand and walk no more than two hours per day, but this limitation was not included in the hypothetical. Thus, the court must make a second assumption that the Vocational Expert understood the 20 to 30 minute limitation also included a total limitation of no more than two hours of standing and walking per day. The undersigned is unwilling to make the leap of logic between "most of the time" and the sedentary work requirement of standing and walking no more than two hours per day. The record must be clarified.

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the administration for further consideration. On remand the administration should clarify Plaintiff's RFC, reconsider the medical evidence, including Dr. Nuccio's exertional limitations, and reconsider the opinion of Casey

Wegner, M.S.W. The administration will necessarily need to re-evaluate each of the five-steps and make new findings accordingly.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 30, 2009**, as noted in the caption.

DATED this 13th day of January, 2009.

                                        */s/ J. Kelley Arnold*
                                        J. Kelley Arnold
                                        U.S. Magistrate Judge